CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM BRENNAN,<br>Petitioner, | )<br>)<br>) | Civil Action No. 7:07-cv-00321 |
| v. | )<br>)<br>) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | By: Samuel G. Wilson<br>United States District Judge |

Petitioner William Brennan, a federal inmate proceeding pro se, brings this action styled as a motion to alter and/or amend judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. In brief, petitioner asserts that the court used an "inadequate and ineffective" process to test the validity of several of his habeas claims and essentially re-argues the same ineffective assistance of counsel claims he raised in his previous motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255.[1]

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, excusable neglect, or surprise. Brennan brings the instant motion under Rule 60(b)(1) which provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Furthermore, motions under Rule 60(b)(1), must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." The movant has the burden of showing of timeliness. McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991). Brennan, however, brings this motion 642 days after the court entered its order, or 277 days late, and he offers no valid reason for the delay. Moreover, Brennan's motion would be frivolous to the extent that he calls into question the correctness of the court's judgment, because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue. United States v. Williams, 674 F.2d

---

[1] See Civil Action No. 7:05-cv-00300. Brennan's previous § 2255 motion was dismissed on September 9, 2005 when the court found that his exculpatory evidence claim was procedurally defaulted as he failed to raise the claim on direct appeal and that all of his ineffective assistance of counsel claims were meritless because they failed to meet the two prong test established in Strickland v. Washington, 766 U.S. 668 (1984).

1

310, 312 (4th Cir. 1982).

The United States Court of Appeals for the Fourth Circuit has specifically held that if a federal inmate in a closed § 2255 action attempts to bring a motion under Rule 60(b) that does not fall under the provisions of that rule, the court must address the pleading as a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). Accordingly, Brennan's pleading must be treated as a motion under § 2255 and the court must also summarily dismiss the motion as successive.

As stated, petitioner previously pursued a § 2255 motion challenging the same conviction and sentence. Thus, petitioner's current § 2255 motion is a subsequent or successive one. See § 2255, ¶8. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. As petitioner has not submitted any evidence of such certification by the Court of Appeals, the court must summarily dismiss the instant § 2255 motion.[2]

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

ENTER: This 26th day of June, 2007.

United States District Judge

---

[2] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.